### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02411-PAB-NYW

KAMI COOPER,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTION, STATE OF COLORADO,

    Defendant.

---

### MOTION FOR LEAVE TO AMEND COMPLAINT

---

Plaintiff Kami Cooper, by and through her counsel, hereby respectfully moves the Court for leave to file the attached First Amended Complaint and Jury Demand and would show as follows:

### CONFERRAL

Plaintiff's counsel certifies that he has conferred with Defendant's counsel, who opposes the motion for a number of reasons and which agreement could not be reached. This Motion is submitted one day after the February 28, 2022 deadline in the Scheduling Order to file an Amended Complaint because Plaintiff, after extensive conferral, received final conferral information from Defendant's counsel on the morning of February 28th, and undersigned was in a federal Merit Systems Protection Board trial through the afternoon of February 28th.

### LEGAL STANDARD

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, (1971). *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).

**BASIS FOR REQUEST**

The proposed amended complaint contains essentially no factual changes, as this case is still in its relative early stages. The Defendants' answer has been filed, and a scheduling order was entered on January 5, 2022. Mandatory disclosures were exchanged between the parties on January 12, 2022. Plaintiff's proposed Amended Complaint thus does not reflect any newly discovered facts, but rather, more precisely defines (and adds to) the defendants involved, clarifies several of the claims, and finally, adds an additional statutory basis for her claims (again, within the existing framework of facts).

This case concerns a Department of Corrections employee who has been an exceptional employee for several decades, yet has not been able to obtain true equal employment opportunity. She alleges that she has been denied opportunities to promote, been denied opportunities to be re-classified to a higher position when she was already performing the duties of the higher position (Tool Control Sergeant rather than Tool Control Officer), and has been denied equal pay of her male comparators.

The legislature of Colorado has in recent years taken an interest in updating and

strengthening equal pay laws, and in 2019, passed the Colorado Equal Pay for Equal Work Act, which took effect in 2021. Complainant avers that this law is applicable to her case and potentially supplements her existing claims under the Colorado Anti-Discrimination Act ("CADA"), Title VII, and the federal Equal Pay Act. These acts each supplement one another and, in addition to requiring different elements to prove each claim, provide different remedies. They also each have different (or in the case of the CEPEWA, no) administrative prerequisites.

In the original complaint, three claims were alleged: "Denial of Promotion and Unequal Terms and Conditions under Title VII and CADA," "Retaliation under Title VII and CADA," and a violation of the Equal Pay Act. In the proposed Amended Complaint, these claims are separated out and clarified in a manner to allow for separation and individualized understanding.

Under the proposed First Amended Complaint, the following claims are asserted instead: Claim One is broken out into four claims: a Refusal to Promote and an Unequal Terms and Conditions claim, one under Title VII and one under CADA. In other words, no new claim is added, but the original claim has been separated into the two statutory bases and into a "promotion" component and a "unequal terms" component. The statutes each make clear that both a refusal to promote and providing unequal terms or conditions to employees based on sex are independent bases for claims. Each of these items was asserted in the original complaint.

Likewise, the original Claim Two asserted Retaliation under CADA and Title VII. Under the proposed First Amended Complaint, this claim would be separated into a Claim Five and Claim Six, one under CADA and one under Title VII.

Two additional separate retaliation claim under the EPA and the CEPEWA are added.

These additions reflect the fact that both of those statutes also provide for protection from retaliation. The retaliation in part stems from the fact that, shortly after the filing of the original Complaint, Plaintiff was removed from her position in Tool Control altogether, a position which she loved and had performed extraordinarily well for over six years.

Finally, the Colorado Equal Pay For Equal Work Act claim is added, which is a "new" claim but has the same basis in Plaintiff's denials of pay equality. It is a logical and reasonable addition. None of these changes would prejudice the Defendant, and none would substantially change the defenses asserted.

The other proposed amendment is the addition of defendants Matthew Winden and Steve Owens. Each are individuals responsible for the violations alleged by Plaintiff, and claims against individual defendants are contemplated under the EPA. Their conduct is alleged to be willful and wanton, and they are therefore proper defendants to this suit under the EPA (and only the EPA).

Given that discovery has not yet occurred in this case (Plaintiff has promulgated a small initial set of written discovery requests, but Defendant has not done so, and neither party has answered discovery, nor have any depositions occurred), this proposed amended complaint poses no undue prejudice to Defendant's ability to assert defenses. The individual defendants to be joined acted in a willful and wanton manner because each knew of the Department of Corrections' policies concerning discrimination and pay equity, were aware of Plaintiff's complaints, and willfully refused to give her requests any meaningful consideration.

During conferral, Defendant's counsel asserted that the 11th Amendment would bar the proposed CEPEWA claims. Plaintiff avers that the state waived this argument in passing the

CEPEWA. Further, such argumentation is more properly determined through a Rule 12 (b) motion to dismiss rather than a denial at the amendment stage.

Respectfully submitted this 1st day of March, 2022.

>LEVENTHAL | LEWIS
>KUHN TAYLOR SWAN PC
>
>/s/ Casey J. Leier
>Casey J. Leier
>3773 Cherry Creek N. Dr., Ste, 710
>Denver, CO 80209
>Telephone:   (720) 699-3000
>Email:            cleier@ll.law
>
>*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2022, a true and correct copy of the foregoing Notice of Change of Firm was filed with the CM/ECF system which will send notification to:

Jacob W. Paul
Senior Assistant Attorney General
Civil Litigation & Employment Law Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Facsimile: (720) 508-6032
Jacob.paul@coag.gov

Robyn L. Lundt, *56053
Assistant Attorney General
Employment/Personnel & Civil Rights Unit
Attorney for Defendant

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6560
Email: robyn.lundt@coag.gov
*Attorneys for Defendants*

                                                          */s/ Casey Leier*
                                                          Casey Leier