# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02411-PAB-NYW

KAMI COOPER,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, STATE OF COLORADO,

     Defendant.

---

## ORDER ON MOTION TO AMEND

---

Magistrate Judge Nina Y. Wang

     This matter comes before the court on the Motion for Leave to Amend Complaint (the "Motion" or "Motion to Amend") filed on March 1, 2022. [Doc. 30]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 4, 2022, [Doc. 16],[1] and the Memorandum dated March 1, 2022. [Doc. 21]. Upon review of the Motion and the related briefing, the entire docket, and the applicable case law, the Motion to Amend is **GRANTED**.[2]

---

[1] This case was originally referred to the Honorable Kathleen M. Tafoya, *see* [Doc. 16], and was reassigned to the undersigned Magistrate Judge upon Judge Tafoya's retirement. [Doc. 18].

[2] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated orders granting motions to amend as non-dispositive, but "many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-CV-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to distinguish between allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge). Because this court concludes that the Motion to Amend

**BACKGROUND**

The following facts are draw from the Complaint and taken as true for the purposes of this instant Motion to Amend. Plaintiff Kami Cooper ("Ms. Cooper" or "Plaintiff") initiated this employment discrimination case against her employer, the Colorado Department of Corrections (the "CDOC" or "Defendant") on September 7, 2021. *See* [Doc. 1]. Ms. Cooper began working for the CDOC as a Correctional Security Officer I in 2004. [*Id.* at ¶ 18]. In 2008, Ms. Cooper accepted "a change in duties and working title" to Tool Control Officer I, [*id.* at ¶ 20], but despite Ms. Cooper's change in duties and title, for purposes of pay and rank, she is still considered a Correctional Security Officer I. [*Id.* at ¶ 21]. Ms. Cooper alleges that she is underpaid for her role based on her experience and responsibilities, [*id.* at ¶¶ 23-24], and asserts that she has been denied pay increases or a reclassification of her position, despite her requests for such. [*Id.* at ¶¶ 25, 60-61, 72-73].

Furthermore, Ms. Cooper alleges that at all CDOC facilities, with one exception, the employee performing Tool Control duties—like Ms. Cooper—is a Sergeant, Control Officer II. [*Id.* at ¶ 68]. Ms. Cooper has applied for the position of Sergeant, Control Officer II four times since 2014 but was not selected for the position on any occasion. [*Id.* at ¶¶ 64-65]. In one instance, a male employee with no experience in Tool Control was promoted to become Sergeant, Control Officer II over Ms. Cooper. [*Id.* at ¶¶ 92, 94]. While Ms. Cooper has worked in the Tool Control position for longer than nearly all of her comparators, she makes substantially less in monthly income than her comparators. [*Id.* at ¶ 70].

In her Complaint, Ms. Cooper raises the following claims against the CDOC: (1) a claim

should be granted, it proceeds by Order rather than by Recommendation.

based on the denial of promotion and unequal terms and conditions of employment under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 22-34-402 *et seq.* ("CADA"), [*id.* at 13]; a retaliation claim arising under Title VII and CADA, [*id.* at 14]; and a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d). [*Id.* at 16]. On January 5, 2022, Judge Tafoya entered a Scheduling Order in this case, setting the deadline for joinder of parties and amendment of pleadings to February 28, 2022. [Doc. 17 at 16].

At 12:50 a.m. on March 1, 2022, Plaintiff filed the instant Motion to Amend. [Doc. 20]. Plaintiff asserts that her Proposed Amended Complaint "contains essentially no factual changes," but instead "more precisely defines (and adds to) the defendants involved, clarifies several of the claims, and . . . adds an additional statutory basis for her claims." [*Id.* at 2]. Ms. Cooper seeks to amend her Complaint to add two new individual defendants to this action: Steven Owens, the Deputy Director of Prisons overseeing the Centennial Correctional Facility ("Director Owens"), as well as Matthew Winden, the Warden of CCF ("Warden Winden"). [Doc. 20-2 at 1]. In addition, she seeks to "[break] out" her first two claims of relief to assert separate individual claims for each applicable statute—Title VII and CADA—and for each legal theory—failure to promote, unequal terms and conditions of employment, and retaliation. [*Id.* at 14-22; Doc. 20 at 3]. More specifically, Plaintiff's proposed Amended Complaint asserts the following proposed Claims: (1) a Title VII failure-to-promote claim against the CDOC ("Proposed Claim One"); (2) a CADA failure-to-promote claim against the CDOC ("Proposed Claim Two"); (3) a Title VII discrimination claim against the CDOC ("Proposed Claim Three"); (4) a CADA discrimination claim against the CDOC ("Proposed Claim Four"); (5) a CADA retaliation claim against the CDOC ("Proposed Claim Five"); (6) a Title VII retaliation claim against the CDOC ("Proposed

Claim Six"); (7) a violation of the Equal Pay Act against the CDOC, Director Owens, and Warden Winden ("Proposed Claim Seven"); (8) retaliation under the Equal Pay Act against the CDOC, Director Owens, and Warden Winden ("Proposed Claim Eight"); (9) discrimination under the Equal Pay for Equal Work Act against the CDOC ("Proposed Claim Nine"); and (10) retaliation under the Equal Pay for Equal Work Act against the CDOC ("Proposed Claim Ten").  *See generally* [*id.*].

The CDOC opposes the Motion to Amend in part.  [Doc. 26].  The CDOC does not oppose any amendments to Proposed Claims One, Three, and Six, and thus does not oppose Plaintiff's Motion insofar as it requests leave to make these amendments.  [*Id.* at 2].  However, the CDOC asserts that the Motion to Amend should be denied insofar as it attempts to assert Proposed Claims Two, Four, Five, Nine, and Ten; according to Defendant, these claims are barred by the Eleventh Amendment and thus, amendment would be futile.  [*Id.* at 3].  Moreover, the CDOC maintains that amendment to include Proposed Claims Seven and Eight would be futile "because Plaintiff can sue either the [CDOC] or named individuals, [but] not both."  [*Id.*].  Plaintiff, meanwhile, argues that amendment would not be futile, [Doc. 33 at 307], and asserts generally that in any event, disputes concerning the sufficiency or viability of her claims are better resolved on a motion to dismiss under Rule 12 rather than on her Motion to Amend.  [Doc. 20 at 5].  This matter is ripe for disposition, and I consider the Parties' arguments below.

## LEGAL STANDARD

Because Plaintiff filed the Motion to Amend after the expiration of the deadline for amendment of pleadings, this court considers the Motion pursuant to a two-step inquiry.  First, the court reviews whether the moving party can demonstrate good cause for amendment pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l*

*Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Gorsuch*, 771 F.3d at 1242; *cf. Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000) (applying only Rule 15 when the deadline set for amendment in the Scheduling Order has not yet passed).

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information through discovery or when the governing law has subsequently changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show at least good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party

5

bears the burden of showing that the proposed amendment is improper. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

**ANALYSIS**

In her Motion to Amend, Plaintiff primarily seeks to clarify or separate out her already-existing claims, keeping the present factual allegations largely intact. *See, e.g.*, [Doc. 20-2]. As set forth above, Defendant opposes the Motion only in part; the CDOC does not oppose Plaintiff's requested amendment with respect to Proposed Claims One, Three, and Six. *See* [Doc. 26 at 2]. Accordingly, the court **GRANTS** the Motion to Amend as unopposed with respect to Proposed Claims One, Three, and Six without further analysis. *See Laurienti v. Am. Alternative Ins. Corp.*, No. 19-cv-01725-DDD-KLM, 2019 WL 6837999, at *1 (D. Colo. Dec. 16, 2019), *report and recommendation adopted*, 2020 WL 9424686 (D. Colo. Jan. 6, 2020) (granting unopposed portion of motion to amend before turning to substantive analysis under Rules 16 and 15 for the portion that was opposed); *Mason v. Fantasy, LLC*, No. 13-cv-02020-RM-KLM, 2015 WL 429963, at *2 (D. Colo. Jan. 30, 2015) ("To the extent that the Motion is unopposed, the Court finds that the amendment should be permitted."). The court thus turns to the proposed amendments which are opposed by Defendant and the Parties' related arguments.

**I.    Rule 16(b)**

Ms. Cooper acknowledges that the Motion to Amend was "submitted one day after the February 28, 2022 deadline in the Scheduling Order to file an Amended Complaint." [Doc. 20 at 1]. As explained above, a party seeking leave to amend after the expiration of the deadline to join parties must establish good cause for the amendment pursuant to Rule 16(b)(4). *Gorsuch*, 771

F.3d at 1240.  This good-cause standard "obligates the moving party to 'provide an adequate explanation for any delay'" in seeking amendment.  *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

However, Plaintiff does not expressly address Rule 16(b) or the good-cause standard in her Motion.  *See generally* [Doc. 20].  At best, Plaintiff represents that she filed her Motion to Amend after the deadline to amend pleadings "because Plaintiff, after extensive conferral, received final conferral information from Defendant's counsel on the morning of February 28th,"—the deadline to amend pleadings—and "undersigned [counsel] was in a federal Merit Systems Protection Board trial through the afternoon of February 28th."  [Doc. 20 at 1].  To the extent this assertion can be construed as an argument that good cause exists for Ms. Cooper failing to meet the deadline, the court is respectfully not persuaded this argument.  Plaintiff does not represent that counsel's participation in the trial was unexpected, and generally, the press of business or scheduling conflicts do not constitute good cause for amendment of the Scheduling Order.  *See Gregoire v. AMCO Ins. Co.*, No. 16-cv-03067-PAB-MEH, 2017 WL 2644372, at *2 (D. Colo. June 20, 2017), *report and recommendation adopted*, 2017 WL 11547147 (D. Colo. July 7, 2017); *Gragg v. Roth*, No. CIV-19-1007-SLP, 2021 WL 5992287, at *1 (W.D. Okla. Feb. 12, 2021) (docketing or calendaring errors do not constitute good cause).  The "[m]ere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation . . . should not be considered good cause."  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (quotation omitted).

This court, as well as other courts within this District, have determined that the failure to address the good-cause standard under Rule 16(b)(4) may alone be a sufficient basis to deny a

motion to amend. *See Borgonah v. Rocky Mountain Health Ctr. Pediatrics P.C.*, No. 18-cv-03121-NYW, 2019 WL 5294416, at *2-3 (D. Colo. Oct. 18, 2019); *Est. of Medina v. Samuels*, No. 20-cv-01443-NYW, 2022 WL 194480, at *3 (D. Colo. Jan. 21, 2022); *Sandy v. Baca Grande Prop. Owners Ass'n*, No. 18-cv-02572-RM-KMT, 2020 WL 563294, at *3 (D. Colo. Feb. 5, 2020), *aff'd*, No. 20-1413, 2021 WL 4164064 (10th Cir. Sept. 14, 2021). Indeed, the Tenth Circuit has affirmed the denial of a motion to amend where the moving party "made absolutely no arguments to show good cause for late amendment of the pleadings." *Husky Ventures*, 911 F.3d at 1020 (quotation omitted); *accord Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). Accordingly, Plaintiff's failure to establish good cause for amendment of the Scheduling Order could thus warrant denial of the remainder of her Motion to Amend.

The unique procedural posture and circumstances of this case, however, caution against denying the remainder of the Motion to Amend based on Plaintiff's failure to address Rule 16. The court notes that denying the opposed portions of the Motion based on Plaintiff's failure to address good cause would effectively result in the dismissal of certain claims that Plaintiff properly raised in her original Complaint—*without* a voluntary dismissal from Plaintiff under Rule 41 and *without* any motion seeking dismissal from Defendant. For example, in her Complaint, Plaintiff's first claim for relief encompasses four theories of recovery: failure to promote under both Title VII and CADA, as well as discrimination in the terms and conditions of employment under both Title VII and CADA. [Doc. 1 at 13]. Then, in her Proposed Amended Complaint, Plaintiff attempts to "[break] out" this claim into four separate claims—two failure-to-promote claims, one under Title VII and the other under CADA, and two claims alleging unequal terms and conditions of employment, one under each statute. *See* [Doc. 20 at 3; Doc. 20-2 at 14-16]. If the Motion to Amend were to be granted insofar as the Motion is unopposed but otherwise denied, Plaintiff's

claim would effectively be dismissed in part, without any consideration of the merits of that claim.

The court does not believe that denial of the Motion to Amend on this basis—and the resulting dismissal of some of Plaintiff's claims based on the instant procedural grounds—would be in the interest of justice or within the authority of the court.  To be sure, a Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000).  But the decision to modify the Scheduling Order "is committed to the sound discretion of the trial court."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  And "[a]lthough the scheduling order defines the boundaries of litigation and assists parties in preparing for trial, the Tenth Circuit has encouraged district judges to remain flexible in allowing amended pleadings." *ClearCapital.com, Inc. v. Computershare, Inc.*, No. 18-cv-00817-RBJ, 2019 WL 1573300, at *2 (D. Colo. Apr. 11, 2019) (citing *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).  In *Summers*, the Tenth Circuit instructed that when it comes to modifying the scheduling order, "total inflexibility is undesirable."  *Summers*, 132 F.3d at 604.

In light of this guidance, the court finds it appropriate—in these specific circumstances— to *sua sponte* consider whether good cause exists to amend the Scheduling Order and concludes that good cause exists for Plaintiff's delay.  *See Jones v. J.C. Penney's Dep't Stores, Inc.*, 228 F.R.D. 190, 203 (W.D.N.Y. 2005) (court *sua sponte* finding good cause to amend the scheduling order); Fed. R. Civ. P. 16(b)(4) (amendments to the scheduling order require good cause and the judge's consent).  Here, Plaintiff filed her Motion to Amend at 12:50 a.m. on March 1, 2022—i.e., less than one hour after the expiration of the deadline to amend pleadings.  While "[t]he length of the delay is not a traditional consideration in determining whether a party has been diligent," the fact that Plaintiff narrowly missed the applicable deadline "informs the Court's interpretation of

Plaintiff's conduct and whether it evidences diligence." *MAP v. Bd. of Trustees for Colo. Sch. for Deaf & Blind*, No. 12-cv-02666-RM-KLM, 2014 WL 3748642, at *3 (D. Colo. Apr. 28, 2014), *report and recommendation adopted*, 2014 WL 3748185 (D. Colo. July 29, 2014); *see also Carskadon v. Diva Int'l, Inc.*, No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at *3 (D. Colo. May 3, 2013) (finding good cause to allow amendment after deadline where the motion to amend was filed only ten days after the deadline). While the court does not condone any Party—in this case or in any other case—disregarding court deadlines, the court does not view Plaintiff's conduct "as the type of carelessness that the good cause standard is meant to address." *Perkins v. Fed. Fruit & Produce Co.*, No. 11-cv-00542-REB-KLM, 2011 WL 3820751, at *3 (D. Colo. Aug. 29, 2011). Moreover, the court notes that Defendant does not argue that good cause is lacking under Rule 16 to amend the Scheduling Order. *See* [Doc. 26]. And based on Plaintiff's representations in her Motion, it appears that Defendant was on notice of Plaintiff's proposed amendments, and the Parties conferred about the proposed amendments, prior to the amendment deadline. For all these reasons, the court concludes that good cause exists to amend the Scheduling Order and turns to the Parties' arguments under Rule 15.

## II.     Rule 15(a)

While Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may deny leave to amend upon a showing of futility, bad faith, undue delay, or undue prejudice. *Frank*, 3 F.3d at 1365. As the non-moving party, Defendant bears the burden of demonstrating that amendment is unwarranted under Rule 15. *Moody's Investor's Servs.*, 175 F.3d at 859.

Defendant argues that Plaintiff's request to amend her Complaint by asserting Proposed Claims Two, Four, Five, Seven, Eight, Nine, and Ten should be denied on futility grounds. [Doc.

26 at 3]. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Defendant maintains that Proposed Claims Two, Four, and Five, each asserted under CADA, and Proposed Claims Nine and Ten, asserted under Colorado's Equal Pay for Equal Work Act, are barred by the Eleventh Amendment; thus, Defendant asserts that permitting Plaintiff to amend her Complaint to assert these claims would be futile. [Doc. 26 at 3]. With respect to Proposed Claims Seven and Eight, Defendant asserts that these Proposed Claims "are futile because Plaintiff can sue either the entity or named individuals, not both." [*Id.*]. The court first discusses this court's role in assessing futility before turning to the Parties' arguments.

## A.     This Court's Role in Addressing Futility

Because "[t]he relevant standard in determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Dorough v. Am. Family Mut. Ins. Co*., No. 15-cv-02388-MSK-KMT, 2016 WL 1426968, at *2 (D. Colo. Apr. 11, 2016), courts within this District, especially those working in a referral capacity, have sometimes declined to address futility arguments raised in Rule 15(a) motions, finding such arguments more appropriately raised and developed in motions filed under Rule 12(b)(6). *See, e.g.*, *Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2022 WL 500294, at *5 (D. Colo. Feb. 18, 2022); *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019); *Int'l Bhd. of Elec. Workers, Loc. #111 v. Pub. Serv. Co. of Colo.*, No. 12-cv-01694-PAB-MEH, 2015 WL 4036180, at *4 (D. Colo. July 1, 2015). This court, too, has declined to reach the merits of proposed claims while sitting in a referral capacity. *See Extraction Oil & Gas, Inc. v. City & Cty. of Broomfield*, No. 20-cv-02779-RM-NYW, 2022 WL 703910, at *4 (D. Colo. Mar. 9, 2022).

11

Indeed, "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008); *but see Hernandez v. Valley View Hosp. Ass'n*, No. 10-cv-00455-REB-MJW, 2010 WL 5157310, at *1 n.3 (D. Colo. Dec. 14, 2010) (disavowing the notion that futility arguments "put the cart before the horse" because this approach delays evaluation of the inevitable motion to dismiss the amended pleading). In cases such as these, the court may limit its analysis to whether the proposed amendment is "patently" futile, deferring determinations requiring more in-depth analysis for motions under Rule 12(b). *See, e.g.*, *Romero v. Reams*, No. 18-cv-02575-RM-NRN, 2020 WL 6044323, at *5 (D. Colo. Oct. 13, 2020) (declining to address futility arguments in "abbreviated" Rule 15(a) briefing). "[T]he better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Id.* (quoting *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726 (D. Del. 2002)).

Upon review of the Parties' arguments, the cited legal authority, and the court's own independent research, the court respectfully concludes that "the most prudent course of action is to defer the Parties' futility arguments for resolution of any forthcoming motion[] to dismiss the Amended Complaint." *Ransaw v. Hilkey*, No. 20-cv-03584-NYW, 2021 WL 5068021, at *5 (D. Colo. Aug. 25, 2021). The court acknowledges Defendant's argument that requiring these issues to be briefed in a motion to dismiss "negatively impacts judicial economy and invites unnecessary briefing and fees," *see* [Doc. 26 at 7], but respectfully disagrees based on the filings currently before the court. "Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 may, at least, avoid one round of

objections under Fed. R. Civ. P. 72(a) or 72(b)." *Int'l Bhd. of Elec. Workers*, 2015 WL 4036180, at *4. Moreover, the court notes that there is no currently pending motion to dismiss filed by Defendant—indeed, Defendant answered the Complaint on November 29, 2021, *see* [Doc. 10]—and some of Defendant's futility arguments raise challenges related to the sufficiency of Plaintiff's current claims. *Compare, e.g.*, [Doc. 26 at 5-6 (Defendant arguing that Plaintiff's CADA claims are barred by the Eleventh Amendment)] *with* [Doc. 1 at 13 (Plaintiff asserting claims under CADA)]. Given the court's referral role, such arguments are best resolved by the presiding judge.

Finally, the court notes that the Parties' briefing addresses a number of issues "in a necessarily abbreviated fashion." *Ransaw*, 2021 WL 5068021, at *5. Indeed, the Parties' futility arguments span only a limited number of pages and do not fully flesh out the applicable law or the Parties' substantive arguments. *See* [Doc. 26 at 5-9; Doc. 33 at 3-10]. The court is disinclined to enter a recommendation assessing the sufficiency of the proposed amendments absent fully developed arguments from the Parties. Accordingly, while the court will assess whether Plaintiff's proposed amendments are *patently* futile on their face, the court reserves any ruling on the merits of the anticipated claims to the presiding judge, should a motion under Rule 12(b) be filed.

### B.    The Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). This immunity extends to suits by citizens against their own state or its agencies in federal court. *Johns v. Stewart*,

57 F.3d 1544, 1552 (10th Cir. 1995).

Defendant argues that the Eleventh Amendment bars Plaintiff's CADA and Equal Pay for Equal Work Act claims because there has been no express waiver of Colorado's sovereign immunity for claims arising under these statutes. [Doc. 26 at 5-6]; *see also Ulrich v. Dep't of Hum. Servs.*, No. 20-cv-03810-WJM-KMT, 2022 WL 223212, at *3 (D. Colo. Jan. 25, 2022) (recommending dismissal of CADA claims upon concluding that Colorado "has not waived its immunity with respect to [those] claims"); *Moudden v. Univ. of Colo. Boulder*, No. 18-cv-02514-WJM-SKC, 2019 WL 6975015, at *8 (D. Colo. Dec. 20, 2019) (adopting recommendation to dismiss CADA claims without prejudice as barred by the Eleventh Amendment). In her Reply, Plaintiff asserts that the two cases relied upon by Defendant are not binding on the court and lack detailed analysis concerning whether claims under CADA are barred by the Eleventh Amendment. [Doc. 33 at 3-4].

The court respectfully agrees with Plaintiff and concludes that Plaintiff's proposed amendments with respect to Proposed Claims Two, Four, Five, Nine, and Ten are not patently futile. With respect to Plaintiff's proposed CADA claims, Plaintiff is correct that the cases cited by Defendant do not include significant substantive analysis addressing the issue of sovereign immunity. Indeed, in *Moudden*, the plaintiff did not object to the Magistrate Judge's recommendation to dismiss the CADA claims and the District Judge summarily adopted that recommendation. *See Moudden*, 2019 WL 6975015, at *8. And in *Ulrich*, the Magistrate Judge relied upon *Moudden* in concluding that the plaintiff's CADA claims were barred by the Eleventh Amendment, but conducted no substantive analysis in reaching that conclusion. *See Ulrich*, 2022 WL 223212, at *3. While this court has the utmost respect for the judicial officers in this District, the court cannot conclude that these decisions definitively demonstrate that the Eleventh

14

Amendment bars claims arising under CADA in federal court.  For this reason, Plaintiff's proposed amendment to assert Proposed Claims Two, Four, and Five is not patently futile.

The court reaches the same conclusion with respect to Proposed Claims Nine and Ten, which Plaintiff seeks to assert pursuant to Colorado's Equal Pay for Equal Work Act, which just recently became effective as of January 1, 2021.  *See* Colo. Rev. Stat. § 8-5-102.  Defendant cites no authority discussing or establishing whether Colorado has waived its sovereign immunity in the context of the Equal Pay for Equal Work Act, *see* [Doc. 26 at 6], nor could the court locate any such authority through its independent research.  The court is disinclined to make a ruling on such a novel, important issue on the abbreviated briefs presently before the court.  See [Doc. 26 at 6-7; Doc. 33 at 7].  Accordingly, the court cannot conclude that Plaintiff's Proposed Claims Nine or Ten would patently be subject to dismissal and that Plaintiff's requested amendment would thus be futile.  Accordingly, the Motion to Amend is **GRANTED** with respect to Proposed Claims Two, Four, Five, Nine, and Ten.

## C.    The Equal Pay Act

Plaintiff's Proposed Claims Seven and Eight arise under the federal Equal Pay Act, which is contained within the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  The Equal Pay Act makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages at a lower rate than the rate at which the employer "pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions," 29 U.S.C. § 206(d)(1), and also prohibits retaliation against an employee for complaining of a violation of the Act.  29 U.S.C. § 215(a)(3).  Proposed Claims Seven and Eight are asserted against proposed Defendants Owens and Winden in their individual capacities as well as the CDOC.  [Doc. 20-2 at

15

19-20].   While the CDOC "does not object to the addition of the supplemental allegations in the [Proposed] Seventh and Eighth Claims for Relief," [Doc. 26 at 2], the CDOC nevertheless argues that Plaintiff's proposed amendment is futile because she may only assert an Equal Pay Act claim against the entity or her individual supervisors, but not both.   [*Id.* at 8].   Notably, Defendant couches its opposition directly as to Plaintiff's request "to add individuals Steven Owens and Matthew Winden" as defendants in this matter.   *See* [*id.*].

As a preliminary matter, the court questions whether the CDOC has standing to raise this argument on behalf of individual-capacity non-parties Owens and Winden.   *See Riley v. Clark*, No. 4:20-cv-325, 2021 WL 1313528, at *6-7 (M.D. Pa. Apr. 8, 2021) (finding that current defendants lacked standing to assert futility arguments on behalf of non-party proposed defendants); *Clark v. Hamilton Mortg.* Co., No. 1:07-cv-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008) (rejecting defendants' opposition to motion to amend where objecting defendants "cited [no] authority that would ... authorize present parties who are unaffected by the proposed amendment to assert claims of futility on behalf of the proposed new defendant"); *but see Speedsportz, LLC v. Menzel Motor Sports, Inc.*, 07-cv-624-TCK-SAJ, 2008 WL 4632726, at *1 (N.D. Okla. Oct. 17, 2008) (rejecting argument that a named defendant lacks standing to object to the addition of another defendant).   There is currently no indication on the docket that CDOC's counsel is authorized to represent these non-parties in their individual capacities.

In any event, the court does not find that Plaintiff's proposed amendment to add individual defendants to her Equal Pay Act claims is patently futile.   Because the Equal Pay Act is part of the FLSA, the FLSA's definition of "employer" applies here.   *Salemi v. Colo. Pub. Employees' Ret. Ass'n*, 176 F. Supp. 3d 1132, 1158 (D. Colo. 2016), *aff'd*, 747 F. App'x 675 (10th Cir. 2018).   The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer

in relation to an employee." 29 U.S.C. § 203(d).  In *Salemi*, another court in this District dismissed individual supervisory defendants named in their official and individual capacities upon concluding that a plaintiff "should" assert an Equal Pay Act claim against *either* her employer *or* her supervisor, but not both.  *Salemi*, 176 F. Supp. 3d at 1158.  But the court in *Salemi* noted a split in the authority, and a lack of binding authority, addressing the issue.  *See id.* at 1157-58. Given the lack of clear, binding authority or developed argument from the Parties, the court cannot conclude that the present state of the law is so clear that it renders Plaintiff's Proposed Claims Seven and Eight patently futile.  *See Downs v. Gebco Mach., Inc.*, 873 F. Supp. 2d 1010, 1013 (S.D. Ill. 2012) (concluding that the plaintiff could maintain Equal Pay Act claims against both her supervisor and her employer); *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998) ("The FLSA contemplates several simultaneous employers, each responsible for compliance with the Act."); *cf. Shafer v. Young Auto. Grp., Inc.*, No. 17-cv-00160-JNP-EJF, 2018 WL 4688342, at *1 (D. Utah Sept. 28, 2018) (discussing split in authority on the issue of individual liability under the EPA but concluding that the law permits individual liability "because the term 'employer' . . . is defined broadly").  This issue is more appropriately addressed in a motion to dismiss, should the CDOC or any newly named defendant elect to file such a motion.

In sum, the court cannot conclude that amending the Complaint to add Proposed Claims Seven and Eight would be patently futile.  As stated above, however, this court does not pass on the merits of any future motion to dismiss.  Accordingly, the Motion to Amend is **GRANTED** with respect to Proposed Claims Seven and Eight.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     The Motion for Leave to Amend Complaint [Doc. 30] is **GRANTED**;

(2)    The First Amended Complaint and Jury Demand [Doc. 20-1] is **ACCEPTED** for

filing; and

(3)    The Clerk of Court is **DIRECTED** to file the First Amended Complaint and Jury

Demand [Doc. 20-1] as a separate docket entry.


DATED:  June 8, 2022                          BY THE COURT:

                                              _____
                                              Nina Y. Wang
                                              United States Magistrate Judge

18